UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CARROLL BLAKEY,                    )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )          24-1206
                                   )
CHERRYLE HINTHORNE, *et al.*       )
                                   )
                    Defendants.    )

## <u>MERIT REVIEW ORDER #2</u>

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 9). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Thrush confiscated his property and failed to take the appropriate steps to ensure that his property would be destroyed, issued a shakedown slip that did not accurately describe the property taken, and issued him a disciplinary ticket that resulted in a

verbal reprimand. Plaintiff alleges that Defendant Thrush failed to provide notice to the property department to return Plaintiff's property. He alleges that prison officials assured him that his property would be returned, but that he did not receive the property or promised compensation. Plaintiff alleges that he suffered mental anguish, and that his efforts to pursue a claim in the Illinois Court of Claims prior to filing this lawsuit were not successful.

Plaintiff also alleges that he suffered from a series of medical conditions, including peeling feet and burning during urination; that he was forced to live in cells that had human waste on the walls and sink and soiled mattresses; that officials improperly denied his grievances; and that officials wrote false disciplinary reports and failed to provide adequate process.

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R. Civ. P. 20] if the addition of the party…will not foster the objectives of the rule, but will result in prejudice, expense, or delay." Id. (quotations omitted).

Plaintiff's original complaint alleged facts related to the confiscation of his property, the failure to return it or reimburse him for it, and issues related to his state pay and access to

commissary. The Court granted Plaintiff leave to amend his complaint on claims related to those allegations.

Plaintiff's amended complaint, in addition to the property issue, alleges several incidents related to medical care, housing, grievances, and disciplinary reports that are not related to the claims he brought in this lawsuit. The new allegations also involve different defendants. The Court finds that the new claims Plaintiff alleges in his amended complaint are not properly joined in this lawsuit, and they will be dismissed without prejudice accordingly.

Regarding Defendant Thrush's alleged confiscation of property, the intentional, unauthorized deprivation of personal property does not amount to a constitutional violation if adequate state post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031, 1035-36 (7th Cir. 1993); *Davenport v. City of Chicago*, 653 F. Supp. 2d 885, 891-92 (N.D. Ill. 2009) ("Pursuant to state law, [Plaintiff] may file a tort claim in the Illinois Court of Claims for her property losses." (citations omitted)).

Plaintiff's allegations permit only the inference that Defendant Thrush's alleged failure to accurately record the property seized and to inform other prison officials of decisions regarding same were not authorized acts. Thus, Plaintiff's remedy would be in the Illinois Court of Claims. The fact that Plaintiff was previously unsuccessful in pursuing that remedy does not change the nature of Defendant Thrush's alleged actions. The Court finds that Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff a final opportunity to clarify his allegations and provide any additional information he desires the Court to consider on his claims related to Defendant Thrush's alleged confiscation of

property only. Plaintiff is reminded that Fed. R. Civ. P. 8 requires only a "short and plain

statement" of the facts giving rise to a claim.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [9] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 26th day of June, 2025.


_____ *s/Sara Darrow* _____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE